**Marquis PLUMMER, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–11–00279–CR, 01–11–00280–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 7, 2012.

Rehearing Overruled Aug. 1, 2012.

Discretionary Review Refused
Jan. 30, 2013.

---

Michael A. McEnrue, Houston, TX, for Appellant.

Alan Curry, Chief Prosecutor, Appellate Division, Eric Kugler, Assistant District Attorney of Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and KEYES.

## OPINION

SHERRY RADACK, Chief Justice.

After a bench trial, appellant, Marquis Plummer, was convicted of unlawful possession of a firearm by a felon[1] and unlawful possession of body armor by a felon.[2] The trial court made an affirmative finding of a deadly weapon on the unlawful possession of body armor case, and assessed appellant's punishment at seven years' confinement on each case, to run concurrently. In four points of error, appellant challenges the sufficiency of the evidence to support his convictions. We affirm.

---

1. *See* TEX. PENAL CODE ANN. § 46.04(a), (e) (Vernon 2011) (third-degree felony) (trial court case number 1257432, appellate case number 01–11–00280–CR).

2. *See* TEX. PENAL CODE ANN. § 46.041 (Vernon 2011) (third-degree felony) (trial court case number 1257218, appellate case number 01–11–00279–CR).

## BACKGROUND

On August 29, 2003, appellant was convicted of unlawfully carrying a weapon in a prohibited place,[3] a third-degree felony, and sentenced to two years' confinement.

Seven years later, Houston Police Department Officers Sanchez and Rios, along with two Brazoria County deputies, went to a wellness clinic on Cullen Boulevard in Houston to execute a felony arrest warrant on an employee of the clinic. The police officers were unable to find the subject of the arrest warrant, but they encountered appellant, who appeared to be working as a security guard. Appellant was wearing a bullet-proof vest covered by a black t-shirt labeled "POLICE." He was also wearing a gun belt with a holstered "mini-glock" handgun. Officer Sanchez thought appellant appeared nervous and noted that the gun in appellant's holster was much smaller than those typically issued to police officers.

Officer Rios thought it was unusual that a wellness clinic would need the services of a person who appeared to be an off-duty police officer, so he asked appellant where he worked. Appellant responded that he was employed by Brazoria County. When asked to produce some identification, appellant gave the officers a Texas Driver's License and a fire marshal ID from Prairie View in Waller County, not Brazoria County as appellant had mentioned earlier.

Using appellant's driver's license, Officer Sanchez ran appellant's information through the police department's computer and found that appellant had a revoked concealed handgun license and a felony conviction from 2003. After finding that appellant was a convicted felon, the officers confiscated his weapon and body armor. The police then obtained consent to search appellant's car, where they found a large quantity of police equipment, which appellant appeared to be selling through a company called "Underground Safety Equipment and Communications."

R. Lewis, the HPD officer assigned to investigate the case, contacted Juanel Sippio, the head fire marshal of the City of Prairie View. Sippio, despite being aware that appellant was a convicted felon, had hired appellant as his deputy. Appellant, however, was not licensed by the Texas Commission on Law Enforcement Standards, nor could he be because of his felony conviction.

## SUFFICIENCY OF THE EVIDENCE

In four points of error, appellant contends that the evidence was insufficient because (1) the State failed to prove that he was not a peace officer; (2) the State failed to prove appellant's mental culpability, (3) appellant proved his mistake of fact defense, and (4) no evidence supported the deadly weapon finding.

### Standard of Review

We review the legal sufficiency of the evidence by considering all of "the evidence in the light most favorable to the prosecution" to determine whether any "rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the crime beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d

---

**3.** See TEX. PENAL CODE ANN. § 46.03 (Vernon 2011).

742, 750 (Tex.Crim.App.2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.* We review the factual sufficiency of the evidence under the same appellate standard of review as that for legal sufficiency. *Ervin v. State,* 331 S.W.3d 49, 52–56 (Tex. App.-Houston [1st Dist.] 2010, pet. ref'd) (citing *Brooks v. State,* 323 S.W.3d 893, 894–913 (Tex.Crim.App.2010)).

### *Peace Officer Defense*

■ Appellant was convicted under TEX. PENAL CODE ANN. § 46.04(a)(2) (Vernon 2011), which provides in part, "A person who has been convicted of a felony commits an offense if he possesses a firearm ... at any location other than the premises at which the person lives." He was also convicted under TEX. PENAL CODE ANN. § 46.041(b) (Vernon 2011), which provides, "A person who has been convicted of a felony commits an offense if after the conviction the person possesses metal or body armor."

It is undisputed that appellant had previously been convicted of a felony in 2003. However, he contends that the evidence is insufficient to support his convictions because the State did not prove that he was not a peace officer. His argues that he has not violated the above-referenced penal statutes because he was a peace officer and therefore subject to the peace-officer exception found in section 46.15 of the Penal Code, which provides as follows:

(a) Sections *46.02* and *46.03* do not apply to:

(1) peace officers or special investigators under Article 2.122, Code of Criminal Procedure, and neither section prohibits a peace officer or special investigator from carrying a weapon in this state, including in an establishment in this state serving the public, regardless of whether the peace officer or special investigator is engaged in the actual discharge of the officer's or investigator's duties while carrying the weapon[.]

TEX. PENAL CODE ANN. § 46.15(a)(1) (Vernon 2011) (emphasis added).

■ However, as seen from the plain language of section 46.15, it provides a peace officer exception to sections 46.02 [4] and 46.03 [5]—not to the sections under which appellant was convicted. When interpreting statutes, courts must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Toward that end, "we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* However, where application of a statute's plain language would lead to absurd consequences, or where "the language is not plain but rather ambiguous," a court may consider "such extratextual factors as executive or administrative interpretations of the statute or legislative history." *Id.* at 785–86. In this context, ambiguity exists when a statute may be understood by reasonably well-informed persons in two or more different

---

4. Section 46.02 is a statute entitled "Unlawful Carrying Weapons" and very broadly prohibits the carrying of weapons. It is not limited to a prohibition against felons. *See* TEX. PENAL CODE ANN. § 46.02 (Vernon 2011).

5. Section 46.03 is a statute entitled "Places Weapons Prohibited" and very broadly prohibits the possession of weapons in certain places like schools, courts, airports, etc. It is not limited to a prohibition against felons. *See* TEX. PENAL CODE ANN. § 46.03 (Vernon 2011).

senses; conversely, a statute is unambiguous where it reasonably permits no more than one understanding. *State v. Neesley*, 239 S.W.3d 780, 783 (Tex.Crim.App.2007).

There is no need to consider any extra-textual factors in this case because the language of the peace officer exception in section 46.15 is clear and does not lead to an absurd result. It is understandable that the legislature would choose to create a peace officer exception to sections 46.02 and 46.03 because both of those statutes are written very broadly to prohibit almost anyone from illegally carrying weapons and carrying weapons in prohibited places. The peace officer exception is necessary in such instances so that the peace officer's conduct in carrying a weapon is not thereby criminalized. Section 46.15 also serves to exempt others such as parole officers, correction and probations department officers, judges, retired peace officers, and district attorneys from the broad prohibitions found in sections 46.02 and 46.03. *See* Tex. Penal Code Ann. § 46.15(a). The statute also provides that section 46.02 does not apply to a person who is performing duties as a member of the armed services, is traveling, or has a concealed handgun license, among other exemptions. *See* Tex. Penal Code Ann. § 46.15(b).

However, sections 46.04(a)(2) and 46.041(b), the statutes under which appellant was convicted, are very narrow in scope and apply only to felons. Thus, there was no need to carve out large exceptions to their applications. It appears from the plain language of those statutes that their purpose was to criminalize all possession of firearms and body armor by felons, without exception. Because section 46.15 limits the application of its exceptions to sections 46.02 and 46.03, we conclude that it necessarily excluded its appli-

cation to sections 46.04(a)(2) and 46.041(b). *See Adger v. State*, 7 S.W.3d 899, 903 (Tex.App.-Houston [1st Dist.] 1999, no pet.) ("When a statute includes a specific limitation, it excludes all other limitations of that type.").

We overrule appellant's first point of error.

### Mental Culpability and Mistake of Fact

■ In points of error two and three, appellant argues that there is insufficient evidence to show that he possessed the culpable mental state required to commit the charged offenses.[6] Specifically, appellant claims that he had a mistaken belief that he was a peace officer with the authority to carry a firearm and wear body armor.

■ Mistake of fact is a defense to prosecution if appellant "through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense." Tex. Penal Code Ann. § 8.02(a) (Vernon 2011). To raise the defensive issue of mistake of fact, there must be evidence which negates the culpable mental state, *i.e.*, intentionally and knowingly, required for the offense. *Willis v. State*, 790 S.W.2d 307, 314 (Tex.Crim. App.1990).

Even if we were to accept that appellant reasonably believed he was a peace officer, he would not be entitled to a mistake-of-fact defense because it would not negate evidence that he intentionally and knowingly possessed the firearm and body armor. His mistake is not in believing that he was a peace officer, but in believing that the peace officer exception in section 46.15 applied to the charged offenses. We have already held that it does not. As

---

6. The indictments in these cases required the State to prove that appellant "intentionally and knowingly" possessed the firearm and body armor.

such, appellant's defensive theory involves a mistake of law, not a mistake of fact. *See Legere v. State*, 82 S.W.3d 105, 109 (Tex.App.-San Antonio 2002, pet. ref'd) ("Legere's testimony, however, does not raise a mistake of fact defense. The testimony only shows that Legere did not believe that his conduct was illegal. None of the offenses with which Legere was charged required him to believe that his conduct was illegal."); *Vitiello v. State*, 848 S.W.2d 885, 887 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (holding defendant was not entitled to mistake-of-fact instruction because, assuming defendant's version was true, his only mistake was believing his actions were not unlawful).

We overrule points of error two and three.

### Deadly Weapon Finding

■■■ In point of error four, appellant challenges the sufficiency of the evidence to support the trial court's deadly weapon finding in the body armor case. Specifically, appellant contends that "Appellant did not use a deadly weapon in furtherance of any collateral felony," and that "Appellant's mere possession of a firearm did not facilitate his possession of body armor."

■■■ Section 3g of Article 42.12 of the Texas Code of Criminal Procedure authorizes a trial court to enter a deadly weapon finding in the judgment if a defendant has "used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight therefrom." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon 2011). The term "used ... a deadly weapon" during the commission of the offense means that the deadly weapon was employed or utilized in order to achieve its purpose. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Crim.App. 1989). The term "exhibited a deadly weapon" means that the weapon was con-

sciously shown or displayed during the commission of the offense. *Id.*

Here, Officer Sanchez testified that appellant was carrying a gun when the police approached him. The gun was not hidden, but was displayed in a holster on a gun belt. It was identified as a "mini-glock" handgun. At the time he possessed the gun, appellant was committing the felony of unlawful possession of body armor by a felon—he had a bulletproof vest on under his shirt. From this evidence, the trial court could have rationally concluded that appellant consciously displayed, or "exhibited," a deadly weapon while committing the offense of unlawful possession of body armor by a felon.

We overrule point of error four.

## CONCLUSION

We affirm the trial court's judgments.