**Reversed and Remanded and Majority and Dissenting Opinions filed June 4, 2015.**

In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-13-00662-CR

---

**JAMES ALAN JENKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-03-02579-CR**

---

## D I S S E N T I N G   O P I N I O N

In this prosecution for illegal voting, appellant contends he was entitled to jury instructions allowing him to prove by a preponderance of the evidence that, due to a mistake of law, he reasonably believed he resided in the precinct in which he voted. But those are not the instructions appellant requested. Moreover, the charge given to the jury already required the State to prove beyond a reasonable doubt that appellant knew he did *not* reside in the precinct in which he voted. Because this charge gave the jury a more favorable vehicle to acquit the defendant if it agreed with his defensive theory, the trial court did not commit harmful error

in denying appellant's requested instructions. I would therefore overrule appellant's first issue and address his second issue challenging the statutory definition of residence used in illegal voting prosecutions as unconstitutionally vague. Because the majority sustains the first issue and does not reach the second, I respectfully dissent.

## I.    Background: the jury charge and appellant's requested instructions on mistake of law

Appellant was charged with "vot[ing] . . . in an election in which the person knows the person is not eligible to vote." Tex. Elec. Code Ann. § 64.012(a)(1) (West 2010). At trial, appellant admitted that he voted in an election for the Woodlands RUD Board of Directors. Appellant maintained, however, that he did not know he was ineligible to vote because he reasonably believed—in reliance on certain election law authorities—that his residence was a Residence Inn located within the territory of the RUD where he had stayed briefly. *See id.* § 11.001(a) (West 2010) (defining eligibility to vote as requiring residence in the territory covered by the election); *see also id.* § 1.015 (defining residence) (West 2010). Appellant requested that the trial court instruct the jury on the Penal Code's affirmative defense of mistake of law, which applies if a defendant proves by a preponderance of the evidence that "the actor reasonably believed the conduct charged did not constitute a crime and . . . acted in reasonable reliance upon" an official statement of the law or written interpretation of the law that meet certain requirements. Tex. Pen. Code Ann. § 8.03(b) (West 2011); *see also id.* § 2.04(d) (defining burden of proof on affirmative defense) (West 2011).

The trial court denied the requested instructions. The court explained that appellant's theory of the case actually challenged the State's ability to prove beyond a reasonable doubt the element of the crime that appellant knew he was ineligible to vote. Thus, the court reasoned, the jury would already have the issue

2

before it in a different fashion in the charge, and appellant would have a fair opportunity to argue the matter.

To determine whether the trial court committed error by denying the requested instructions and whether that error harmed appellant, it is useful to begin with the language of the jury charge and the requested instruction themselves. The charge provided, in pertinent part:

> A person commits the offense of illegal voting if he votes . . . in an election in which the person knows the person is not eligible to vote.
>
> . . .
>
> To be eligible to vote in an election of this state, a person must . . . be a resident of the territory covered by the election for the office or measure on which the person desires to vote . . . .
>
> "Residence" means domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence. Residence shall be determined in accordance with the common-law rules as enunciated by the courts of this state, except as otherwise provided by the Texas Election Code. . . .
>
> . . .
>
> Now if you find from the evidence *beyond a reasonable doubt* that . . . [the defendant did] vote in an election . . . when the defendant *knew he was not eligible to vote because he knew he did not reside in the precinct in which he voted*, then you will find the defendant guilty of voting illegally as charged in the indictment.

(Emphasis added). Appellant's requested instructions provided, in pertinent part:

> If you all agree the state has proved, beyond a reasonable doubt, each of the elements listed above, you must next consider whether the defense of mistake of law applies.
>
> You have heard evidence that, when the defendant committed the act of illegal voting, he believed that his conduct did not constitute a crime.
>
> A person's conduct that would otherwise constitute the crime of

3

illegal voting is not a criminal offense if the person *reasonably believed as a result of mistake of law that the conduct charged did not constitute a crime* and that he acted in reasonable reliance on [an official statement or written interpretation of the law meeting certain requirements].

. . .

To decide the issue of mistake of law, you must determine whether the defendant has proved, *by a preponderance of the evidence*, the following three elements:

1. The defendant, before or during his conduct, considered the law applicable to his conduct and mistakenly concluded the law did not make the conduct a crime; and

2. The defendant's belief was reasonable; and

3. The defendant reached his belief in a reasonable reliance on [an official statement or written interpretation of the law meeting certain requirements].

(Emphasis added).

## II. Mistake of law can be either a defense of confession and avoidance or a defense that negates an element of the offense.

The majority first addresses the State's argument that the trial court did not err in denying these instructions because mistake of law is a defense of confession and avoidance, and appellant did not essentially admit to every element of the offense as required to claim such a defense. A defense of confession and avoidance is one that, by definition, does not negate an element of the charged offense; rather, it excuses what would otherwise constitute criminal conduct. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). An instruction on such a defense is appropriate only when defendant essentially admits to every element of the offense. *Juarez v. State*, 308 S.W.3d 398, 401 (Tex. Crim. App. 2010).

The majority rejects the State's argument by holding that the defense of mistake of law "may be applied to negate the culpable mental state of an alleged

4

offense when an accused contends that he reasonably believed his conduct was not criminal based on his reasonable reliance on official statements or interpretations of the law." *Ante*, at 33. Therefore, the majority holds, "the affirmative defense of mistake of law is not subject to the confession and avoidance doctrine" requiring appellant to admit the elements of the offense before he can obtain an instruction on the defense. *Id*. Although I agree that the defensive theory of mistake argued by appellant would negate the culpable mental state of the particular offense in question, it is important to recognize that mistake of law can be a defense of confession and avoidance. Indeed, as explained in Part III.A. below, appellant's own requested instructions show that he asked the trial court to submit the defense as one of confession and avoidance.

"The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system," *Cheek v. United States*, 498 U.S. 192, 199 (1991), and it is recognized in our Penal Code. *See* Tex. Penal Code Ann. § 8.03(a) (West 2011). There are two different kinds of mistakes of law, however, that do provide a defense: (1) a mistake that negates the mental state required to prove the particular offense in question; and (2) a reasonable belief, in reliance on certain official statements, that conduct undertaken with that required mental state does not violate the criminal law. *See* 1 Wayne R. LaFave, *Substantive Criminal Law* § 5.6(a), at 394–97 (2d ed. 2003).[1] Although the first kind of mistake negates an element of the offense, the second kind is a defense of confession and avoidance under Texas law.

Regarding the first kind, "[i]nstead of speaking of ignorance or mistake of . . . law as a defense, it would be just as easy to note simply that a defendant cannot be convicted when it is shown that he does not have the mental state required by

---

[1] *See also United States v. Platte*, 401 F.3d 1176, 1184 (10th Cir. 2005); *State v. Steele*, 236 P.3d 161, 171 (Utah App. 2010).

5

law for the commission of that particular offense." *Id.* at 395. When a legal mistake negates the specific intent required for the crime in question, some courts refer to the defense as one of "good faith" mistake, though the mistake may not need to be a reasonable one to negate the required mental state. *See, e.g., Cheek*, 498 U.S. at 200–03 (holding defendant's belief need not be objectively reasonable to negate willful mental state required for criminal tax evasion).

As to the second kind of mistake, Texas—like some other states—has created a statutory exception that allows mistake of law to serve as a defense if the defendant reasonably believed the conduct charged did not constitute a crime and acted in reasonable reliance upon an official statement or written interpretation of the law meeting certain requirements. Tex. Penal Code Ann. § 8.03(b). Because the conduct charged includes the accompanying mental state, *see id.* § 1.07(a)(10) (West 2011), this defense applies even when the defendant's mistake would not negate the culpable mental state for the particular crime charged.

For example, in addressing a charge of intentionally and knowingly possessing a firearm and body armor, our sister court recognized that a defendant's reasonable belief that he was entitled to a police officer exception would involve a mistake of law even though it would not negate the culpable mental state of intentional and knowing possession. *Plummer v. State*, 426 S.W.3d 122, 127 (Tex. App.—Houston [1st Dist.] 2012), *aff'd as reformed on other grounds*, 410 S.W.3d 855 (Tex. Crim. App. 2013). Similarly, courts in other states have held that a defendant could assert this type of statutory mistake defense even when he acted with the culpable mental state of the crime charged. *See State v. Sheedy*, 480 A.2d 887, 888–89 (N.H. 1984) (holding defendant charged with willfully intercepting telephone conversations entitled to present defense that he believed in reliance on letter from public utility commission that his conduct was not governed by state law); *People v. Studifin*, 504 N.Y.S.2d 608, 611–12 (N.Y. Sup. Ct. 1986) (holding

6

defendant charged with knowingly possessing weapon not guilty given evidence that he believed possession was not offense based on official statement that license was required to sell weapon).[2]

As these cases show, reasonable reliance on official statements will not necessarily negate any culpable mental state applicable to a charged offense. Rather, this kind of statutory mistake of law may also provide a defense when it does not negate the culpable mental state. In these circumstances, it is a defense of confession and avoidance.

Moreover, the difference between these two kinds of mistakes has significant implications for the question whether denying an instruction on mistake of law is harmful error—implications that the majority does not address. When the mistake would negate the culpable mental state of the crime, a jury charge that simply lays out the crime's elements already provides the jury with a vehicle to give effect to the defense by finding that the State failed to prove the mental state beyond a reasonable doubt. But when there is evidence of a reasonable mistake that does not negate the culpable mental state, there is no way for the jury to give effect to that evidence unless it is instructed that the mistake provides a defense if the requirements of section 8.03 of the Penal Code are met. *See Cornet v. State*, 417 S.W.3d 446, 451 (Tex. Crim. App. 2013). For all of these reasons, we must determine which kind of mistake appellant is asserting here.

Applying this two-part understanding of mistake of law, I agree with the majority's conclusion that the particular mistake appellant claims here is the first

---

[2] Federal courts and some courts in states with no comparable statute recognize a variant of this exception under principles of due process. *See Commonwealth v. Kratsas*, 764 A.2d 20, 27–33 (Pa. 2001). This due process-based mistake defense likewise applies even if the defendant acted with the culpable mental state of the crime charged. *See Miller v. Commonwealth*, 492 S.E.2d 482, 487–491 (Va. App. 1997) (dismissing charge of knowing and intentional possession of firearm by felon because defendant reasonably relied on advice of probation officer that possession was lawful).

7

kind of mistake—one that negates the culpable mental state of the crime of illegal voting. As the majority succinctly explains, appellant "did not deny registering to vote and voting in the RUD election, but he disputed that at the time he cast his vote he acted 'knowingly,' i.e."—in the language of the jury charge—"that he 'knew he was not eligible to vote because he knew he did not reside' in the RUD." *Ante*, at 35. Indeed, "a jury could not conclude that [appellant] 'knew he did not reside in the [RUD]' and also conclude, based on mistake of law, that [appellant] 'reasonably believed' that he did not commit a crime by voting in the election based on his 'reasonable reliance' on the election law authorities." *Ante*, at 32.

### III. Because the claimed mistake would negate an element of the offense, denying the requested instructions was not error and did not harm appellant.

Having held that appellant's claimed mistake of law would negate the culpable mental state on which the jury was instructed, it follows that the trial court's denial of appellant's request for separate instructions on that mistake was not error and did not harm appellant. To explain the basis for these conclusions, I examine appellant's arguments regarding error and harm in turn. *See Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (explaining two-step process for reviewing complaint of criminal jury charge error).

#### A. Error

Appellant argues that the trial court erred in denying instructions on the affirmative defense of mistake of law because he offered some evidence that he reasonably relied on the election law authorities to form a reasonable belief that he was a resident, for voting purposes, of the precinct in which he voted. To be sure, the Court of Criminal Appeals has held that a trial court must instruct the jury on statutory affirmative defenses whenever they are raised by the evidence. *Walters v. State*, 247 S.W.3d 204, 208–09 & n.17 (Tex. Crim. App. 2007). But it has also

8

held that when a defense is one of confession and avoidance, "defensive evidence [that] merely negates the necessary culpable mental state . . . will not suffice to entitle the defendant to a defensive instruction." *Shaw*, 243 S.W.3d at 659; *see also Cornet*, 417 S.W.3d at 451; *Villa v. State*, 417 S.W.3d 455, 462 (Tex. Crim. App. 2013). As explained above, the kind of mistake of law that Texas has recognized by statute is a defense of confession and avoidance.

There are no Texas decisions addressing which of these principles should control when a defendant requests a defensive instruction regarding a mistake of law that would negate the culpable mental state of the offense. The federal courts have addressed such requests, however, and most have concluded that the defendant is not entitled to such an instruction. For example, in criminal fraud cases, most circuits have held that an instruction regarding a defendant's good-faith belief that he was following the law is redundant because such a belief is incompatible with the required specific intent to deceive. *See, e.g., Green v. United States*, 474 U.S. 925 (1985) (White, J., dissenting from denial of certiorari and noting circuit split in which Second and D.C. Circuits, among others, hold that defendant is not entitled to separate good-faith instruction); *United States v. Sirang*, 70 F.3d 588, 594 (11th Cir. 1995) (comparing decisions of the First, Fourth, Fifth, Eighth, and Eleventh Circuits, which do not require good-faith instruction, with decisions of the Tenth Circuit, which does); *see also United States v. Pomponio*, 429 U.S. 10, 13 (1976) (per curiam) (holding in tax fraud prosecution that "The trial judge . . . adequately instructed the jury on willfulness. An additional instruction on good faith was unnecessary."); *United States v. Kokenis*, 662 F.3d 919, 930 (7th Cir. 2011) (same); *United States v. Simkanin*, 420 F.3d 397, 409–412 (5th Cir. 2003) (same).

In particular, the Fifth Circuit has changed its mind on this issue. Although it held in some early cases that the district court abused its discretion in omitting a

good-faith instruction despite the inclusion of instructions defining the required mental state, its recent cases hold that there is no abuse of discretion if the defendant is able to present his good-faith defense through witnesses, closing arguments, and other jury instructions. *United States v. Hunt*, 794 F.2d 1095, 1098 (5th Cir. 1986); *see also United States v. Frame*, 236 Fed. Appx. 15, 18 & n.5 (5th Cir. 2007).

Of course, Texas courts analyzing this issue must also take into account that mistake of law is a statutory affirmative defense. *See Walters*, 247 S.W.3d at 209–10. Texas courts analyzing the statutory defense of mistake of fact—which explicitly negates the culpable mental state of the offense—have reached conflicting conclusions about whether omitting an instruction on that defense is error. *See Okonkwo v. State*, 398 S.W.3d 689, 695–96 & nn.5–6 (Tex. Crim. App. 2013).[3] As Judge Womack has explained, the root of this disagreement is that the defense of mistake of fact sits

> astride two principles in the law of the jury charge. While it is true that a defendant is entitled to an affirmative submission of a defensive issue, it is likewise true that no affirmative charge need be given when a defensive theory merely negates an element of the offense. . . . Had the Legislature not codified the defense of mistake of fact, we might be free to say that the jury charge could, and should, handle the issue adequately by requiring the jury to find the element of the culpable mental state in order to convict.

*Posey v. State*, 966 S.W.2d 57, 70 (Tex. Crim. App. 1998) (Womack, J., concurring).

In *Bruno v. State*, a plurality of three judges of the Court of Criminal Appeals concluded that an instruction on mistake of fact was unnecessary in a prosecution for unauthorized use of a motor vehicle. 845 S.W.2d 910, 913 (Tex.

---

[3] This issue also has divided courts in other states. *See, e.g., State v. Locquiao*, 58 P.3d 1242, 1253–55 (Haw. 2002) (collecting cases).

Crim. App. 1993) (plurality op. of White, J.). There, the appellant testified that the owner gave him her car, but the owner testified that the appellant grabbed her keys and drove away. The charge required the jury to find that the appellant intentionally or knowingly operated the vehicle without the owner's effective consent. The plurality explained that a mistake instruction need not have been given because "the jury could not believe both the testimony of [the] owner and the testimony of appellant," and the jury "would have necessarily been required to disbelieve appellant's story before they could find sufficient evidence to convict." *Id*. Three other judges concurred, agreeing that "the mistake of fact instruction[] was unnecessary in the instant case." *Id.* (Baird, J., concurring). This Court followed *Bruno* in a non-precedential opinion, *Hopson v. State*, No. 14-08-735-CR, 2009 WL 1124389 (Tex. App.—Houston [14th Dist.] Apr. 28, 2009, no pet.) (mem. op., not designated for publication),[4] as did the Beaumont Court of Appeals in *Traylor v. State*, 43 S.W.3d 725, 730–31 (Tex. App.—Beaumont 2001, no pet.).

On the other hand, the Court of Criminal Appeals has said that when a defendant's evidence "creates an issue of mistaken belief as to only the culpable mental state element of theft . . . , the defendant would be entitled to a defensive instruction of 'mistake of fact.'" *Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990); *see also Giesberg v. State*, 984 S.W.2d 245, 249–50 (Tex. Crim. App. 1998).

It is unnecessary to resolve this disagreement here because mistake of law—unlike mistake of fact—is a statutory affirmative defense that the defendant has the burden to prove, and the kind of mistake of law addressed by the statute is a defense of confession and avoidance. Critically, appellant's own requested

---

[4] In a later opinion, which has been reversed, this Court distinguished *Bruno* but opined in dicta that *Bruno*'s discussion of this issue was itself dicta. *See Okonkwo v. State*, 357 S.W.3d 815, 820–21 (Tex. App.—Houston [14th Dist.] 2011), *rev'd*, 398 S.W.3d 689 (Tex. Crim. App. 2013).

11

instructions would have submitted the defense as one of confession and avoidance. The requested instructions focused on whether appellant "reasonably believed as a result of mistake of law that the conduct charged did not constitute a crime." The jury charge described the conduct charged in this case, in part, as voting when appellant "knew he did not reside in the precinct in which he voted." *See* Tex. Penal Code § 1.07(a)(10) (defining "conduct" as "an act or omission and the accompanying mental state"). Thus, appellant's requested instructions would have asked the jury to decide whether appellant reasonably believed it was not a crime for him to vote when he *knew* he did not reside in the precinct in which he voted. This instruction is not supported by the defensive evidence that appellant contends negates the culpable mental state: that he reasonably believed he resided at the Residence Inn under the election law authorities, and therefore he did *not* vote in a precinct knowing he did not reside there.[5] Because appellant's requested defensive instructions do not negate an element of the charged offense, but rather excuse what would otherwise constitute criminal conduct, they are subject to the confession and avoidance doctrine.

As the Court of Criminal Appeals has repeatedly held, "[w]hen the defensive evidence does no more than negate an element of the offense, a defendant is not entitled to an instruction on any defense subject to the confession-and-avoidance doctrine." *Cornet*, 417 S.W.3d at 451; *see also Villa*, 417 S.W.3d at 462; *Shaw*, 243 S.W.3d at 659. Applying this rule to the affirmative defense of mistake of law appropriately takes all of the Legislature's choices into account, especially given the different burdens involved in proving an offense and an affirmative defense. *See* Tex. Penal Code Ann. §§ 2.01, 2.04(d) (West 2011). Requiring courts to

---

[5] Appellant's requested instructions appear to be based on the recommended pattern defensive instruction on mistake of law. The drafting committee notes in its introduction that the recommended instruction does not address a situation in which the mistake tends to show the defendant lacked the required culpable mental state. *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Defenses* § B12.2, at 162 (2013).

instruct that a defendant may prove mistake of law by a preponderance of the evidence respects the Legislature's decision to codify that affirmative defense, while omitting such an instruction when the evidence of mistake would do no more than negate an element of the offense respects the Legislature's requirement that the State prove that element beyond a reasonable doubt.

As explained above, appellant's evidence of mistake would do no more than negate an element of the illegal voting offense. "[A] jury could not conclude that [appellant] 'knew he did not reside in the [RUD]' and also conclude, based on mistake of law, that [appellant] 'reasonably believed' that he did not commit a crime by voting in the election based on his 'reasonable reliance' on the election law authorities." *Ante*, at 32. Moreover, appellant did not support the instructions he actually requested with evidence that he reasonably believed he did not commit a crime even though he voted knowing he did not reside in the RUD. *See Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013) (holding "there must be at least some evidence to support the defense" before the trial court is required to give the requested instruction). Accordingly, appellant was not entitled to the mistake instructions under *Cornet* and *Krajcovic*, and the trial court did not err in denying them.

**B.    Harm**

Even if the trial court did err in denying appellant's requested instructions, a proper harm analysis reveals that appellant was not harmed by that error. When the charge contains error and that error has been properly preserved by an objection or request for instruction,[6] reversal is required if the error is "calculated to injure the rights of the defendant." *Trevino v. State*, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003). The trial record must demonstrate that there is some actual

---

[6] For purposes of the harm analysis, I assume without deciding that the majority is correct that Jenkins preserved his complaint. *Ante*, at 25 n.9.

13

harm, not just a theoretical complaint. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012). In assessing "the actual degree of harm," we consider the whole record, including "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

In *Cornet*, a case involving the omission of a medical-care defensive instruction, the Court of Criminal Appeals held the omission was harmless error. 417 S.W.3d at 453. It observed that the omission of an instruction on a confession-and-avoidance defense "is generally harmful because its omission leaves the jury without a vehicle by which to acquit a defendant who has admitted to all the elements of the offense." *Id.* at 451. Nevertheless, the court conducted a record-specific analysis of harm and held that the jury implicitly rejected the defendant's defense when it convicted him of a second offense involving the same event that was inconsistent with his claim of providing medical care. *Id.* at 452.

Here, appellant argues (notwithstanding the language of his requested instructions) that his defensive theory of mistake of law sought to negate the culpable mental state of illegal voting by proving that he reasonably believed he resided in the precinct in which he voted. But the mental state of "kn[owing] he did not reside in the precinct in which he voted" was already included in the jury charge, providing the jury with a vehicle to give effect to appellant's defense by finding that the State failed to prove the mental state beyond a reasonable doubt. Appellant was allowed to introduce evidence to support his defense. Because the jury would have to reject appellant's defensive evidence in order to convict him of knowing he did not reside in the precinct in which he voted, the charge and the state of the evidence indicate that any error in failing to instruct the jury on mistake of law was not harmful. *See Druery v. State*, 225 S.W.3d 491, 505 (Tex. Crim.

14

App. 2007) ("As we have stated, when a refused charge is adequately covered by the charge given, no harm is shown.").

Many courts have reached a similar conclusion regarding the lack of harm from failing to instruct on a defense of mistake of fact that would negate the culpable mental state. *See Reyes v. State*, 422 S.W.3d 18, 31–32 (Tex. App.—Waco 2013, pet. ref'd) (holding "mistake-of-fact instruction was not essential because the factfinder would necessarily have had to reject Reyes's defense to convict Reyes of the elements of the crime as a principal" and that "Reyes was not harmed by the failure to have his requested instruction on the mistake of fact defense submitted to the jury"); *Durden v. State*, 290 S.W.3d 413, 421 (Tex. App.—Texarkana 2009, no pet.) ("While in some instances the denial of a proper defensive instruction would cause harm by preventing the defendant from arguing an issue, i.e., self-defense, here, Durden fully argued that he thought the wire was abandoned and that he had no intent to deprive the owner of the property . . . . While the trial court did err by denying the mistake-of-fact instruction, the jury's verdict inferentially resolved the issue that would have otherwise been required via the requested instruction. It would require us to resort to mere conjecture to conclude, on this evidentiary record, that Durden suffered any actual harm."); *Sands v. State*, 64 S.W.3d 488, 496 (Tex. App.—Texarkana 2001, no pet.); *see also Posey*, 966 S.W.2d at 70–71 (Womack, J., concurring) (observing that although the power to create defenses belongs to the Legislature, "the close relationship between the defense of mistake of fact and the culpability element of the offense is important in the consideration of the harmfulness of the omission of an instruction on the defense," and concluding that charge on culpable mental state allowed jury to "give effect to the defense of mistake of fact").

This conclusion of harmlessness applies even more strongly to the defense of mistake of law because appellant's defensive theory was less favorable to him

than the jury charge he received. The jury charge required the State to prove beyond a reasonable doubt appellant's knowledge that he did not reside in the precinct in which he voted, while appellant's theory would have required him to prove by a preponderance of the evidence that he reasonably believed he did reside in that precinct. *Cf. Giesberg*, 984 S.W.2d at 250 ("A defensive issue which goes no further than to merely negate an element of the offense alleged . . . does not place a burden of proof upon a defendant to establish it."). Given that the jury could not find both knowing non-residence and reasonable belief of residence, including both standards in the charge with different burdens would, at the very least, have confused the jury. *See Lowry v. State*, 671 S.W.2d 601, 603 (Tex. App.—Dallas 1984) ("[W]hen the affirmative defense requires a negation of an element of the crime, there seems to be an insoluble conflict for the jury due to the existence of simultaneous burdens of proof. In other words, the jury may become confused by the different burdens of proof and inadvertently fail to accord due consideration to evidential matters relating to the affirmative defense.") (citing Comment, *Affirmative Defenses Under the New York New Penal Law*, 19 Syracuse L. Rev. 44, 47 (1967)), *aff'd in relevant part*, 692 S.W.2d 86 (Tex. Crim. App. 1985). Indeed, if the State had requested and received a mistake of law instruction, appellant would surely be arguing on appeal that the instruction unconstitutionally shifted the burden to him of disproving an element of the offense. *See* 692 S.W.2d at 87–88 (affirming portion of court of appeals' decision holding that statute violated due process by labeling element of offense as an "affirmative defense" and shifting burden to defendant to disprove it).

Moreover, the charge required the State to prove actual knowledge of non-residency, while appellant's defensive theory would have required the jury to decide whether appellant's belief regarding residency was reasonable. "This would have been problematic for appellant because the instruction[s] would have

16

decreased the State's burden of proof by permitting the jury to convict him if it concluded that his mistake was unreasonable, even if it found that the belief was honest." *Okonkwo*, 398 S.W.3d at 696; *see id.* at 702 (Cochran, J., concurring).[7] The observation of Professors Dix and Schmolesky in the related context of mistake of fact is equally apt here: "in light of the fact that [the requested instruction] is duplicative of other mandatory instructions and is harmful to the defense, it is difficult to imagine that an erroneous refusal to grant a [request] for a charge concerning the defense would ever fail to be harmless." 43 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 43:36, at 917 (3d ed. 2011).

The majority contends that harm is shown because appellant's defensive theory had "no context in the absence of the imprimatur of the court, contained in its charge, that a mistaken interpretation of law—when interpretation of law is an element of the offense and is disputed—might support a finding of not guilty." *Ante*, at 44. To the contrary, the record as a whole reveals that the charge (quoted above) included as an element of the offense the culpable mental state of knowledge that appellant did not reside in the precinct in which he voted, and appellant's counsel was able to argue that the State failed to prove this element because appellant thought he resided in the precinct and was eligible to vote there under the election law authorities.

In sum, because the jury could not find both that appellant knew he was not a resident but had a reasonable belief he was a resident, the knowing requirement in the charge fulfills the same function as the reasonable belief defense: giving the

---

[7] In some other states, the State—not the defendant—has been the party relying on the mistake of law defense to suggest that the mistake must be reasonable in order to negate the culpable mental state for the crime. *E.g., Steele*, 236 P.3d at 170–72 (noting but not resolving argument); *State v. Jacobson*, 697 N.W.2d 610, 615–16 (Minn. 2005) (rejecting State's argument).

jury a vehicle to find appellant not guilty if he thought he was a resident in reliance on the authorities. Indeed, the charge as given was better for appellant because it placed the burden on the State and did not require reasonableness. Accordingly, I would hold that any error in failing to charge the jury separately on appellant's defensive theory of mistake of law was harmless. Because the majority instead holds that this failure was harmful error requiring a new trial, I respectfully dissent.


/s/ J. Brett Busby
   Justice


Panel consists of Justices Boyce, Busby, and Wise (Wise, J., majority).
Publish — TEX. R. APP. P. 47.2(b).