**The STATE of Texas, Appellant,**

v.

**Cheryl Lynn GRAVES, Appellee.**

**No. C14–89–069–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 13, 1989.

Discretionary Review Granted
Nov. 22, 1989.

Charles F. Baird, Michael B. Charlton, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

Appellant was indicted for a felony offense involving welfare fraud. The trial court dismissed the cause because the indictment was returned two years and two days after the last occurrence. This is beyond the statute of limitations for misdemeanor theft. We reverse and remand.

The felony for which appellant was indicted was theft involving a continuous course of conduct. TEX.PENAL CODE ANN. sec. 31.09 (Vernons 1989) allows the amounts of numerous thefts pursuant to a continuing course of conduct to be aggregated to determine the grade of the offense. Here, the underlying offenses were eighteen counts of misdemeanor theft. These were aggregated into one count of felony theft. It is recognized that the indictment was returned after the running of the statute of limitations for misdemeanor theft. The trial court dismissed the felony indictment because the statute of limitations had run on the underlying offenses.

In its only point of error, the state alleges that the trial court erred in dismissing the felony indictment. The statute of limitations on a felony theft offense is five years. TEX.CODE CRIM.PRO.ANN. Article 12.-01(3)(A) (Vernons Supp.1989). This indictment was returned well within the five year period. Article 31.09 states as follows:

*Aggregation of Amounts*
*Involved in Theft*

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggravated in determining the grade of the offense.

A felony indictment cannot be dismissed because the statute of limitations on a misdemeanor offense has run. The legislature set the statute of limitations on felony theft at five years. This indictment was returned within five years. Therefore, the indictment was valid. The role of the trial court was to interpret the law, not to amend existing legislative pronouncements by judicial fiat.

The 1973 Practice Commentary which accompanies Article 31.09 provides as follows:

This section represents a more substantial departure from the common law. It provides that, if an actor adopts or pursues a single "scheme or course of conduct" for acquiring property or services in a manner that constitutes theft, he may be convicted of a felony even

though he is careful to limit the theft from each individual or at each time and place to a misdemeanor amount. This provision reflects the determination that the reprehensibility of an actor, and thus the appropriate penal sanction, is not necessarily determined by the amount he steals at a single moment from a single person.... Of course, the prosecution will have to allege and prove each separate "offense," but the value of several items can now be combined for jurisdictional and punishment purposes. Searcy III and Patterson, *Practice Commentary*, TEX.PENAL CODE ANN. sec. 31.09 (Vernons 1989).

The offense was a felony. The statute of limitations applicable to this offense is five years. The trial court erred.

The judgment is reversed and remanded for proceedings consistent with this opinion.