**Cheryl Lynn GRAVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1316–89.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1990.

Charles F. Baird and Michael B. Charlton, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Carl Hobbs, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BERCHELMANN, Judge.

Appellant was indicted for felony theft involving welfare fraud in accordance with Tex.Penal Code Ann. Section 31.09. Section 31.09 permits the amounts of numerous thefts occurring pursuant to a continuing course of conduct to be aggregated to determine the grade of the offense. The underlying offenses involved in the case at bar involve eighteen counts of misdemeanor theft, aggregated into one count of felony theft. The indictment for felony theft, however, was returned two years and two days after the last theft occurred, in contravention of the two year statute of limitation for misdemeanor theft. Tex.Code Crim.Pro.Ann. art. 12.02.

The trial court dismissed the indictment because the statute of limitation had run on the underlying offenses. The State appealed the court's ruling, arguing that the appropriate statute of limitation is the five year statute applicable to felony offenses. See Tex.Code Crim.Pro.Ann. art. 12.01(3)(A). The Court of Appeals agreed, and reversed the trial court's dismissal of the indictment. *State v. Graves*, 775 S.W.2d 32 (Tex.App.—Houston [1st Dist.] 1989).

We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that Section 31.09 creates a felony offense for purposes of the statute of limitation. We will affirm the judgment of the Court of Appeals.

Section 31.09 states as follows:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

As the Court of Appeals noted, the 1973 Practice Commentary accompanying Section 31.09 recognizes the following:

This section represents a more substantial departure from the common law. It provides that, if an actor adopts or pursues a single "scheme or course of conduct" for acquiring property or services in a manner that constitutes theft, he may be convicted of a felony even though he is careful to limit the theft from each individual or at each time and place to a misdemeanor amount. This provision reflects the determination that the reprehensibility of an actor, and thus the appropriate penal sanction, is not necessarily determined by the amount he steals at a single moment from a single person ... Of course, the prosecution will have to allege and prove each separate "offense," but the value of several items can now be combined for jurisdictional and punishment purposes.

Searcy III and Patterson, *Practice Commentary*, Tex.Penal Code Ann. sec. 31.-09.

Concluding that the aggregation pursuant to Section 31.09 created a felony offense, the Court of Appeals reasoned that the felony statute of limitations applied. *Graves*, 775 S.W.2d at 33.

Appellant argues that the five year statute of limitation does not apply because: 1) Section 31.09 does not define conduct but merely permits aggregation, 2) Section 31.-09 does not create a separate offense, and 3) to permit the greater statute of limitation abrogates a defense already accrued to appellant by operation of law.

Although theft under Section 31.09 consists of two or more incidents of theft, the statute makes them one offense. *Brown v. State*, 640 S.W.2d 275, 278 (Tex.Crim.App. 1982). This notion is buttressed by the fact that there is no vehicle by which a defendant can compel a severance of the underlying offenses. *Wages v. State*, 573 S.W.2d 804, 806 (Tex.Crim.App.1978). Accordingly, we hold that Section 31.09 adequately creates a separate offense and defines conduct for purposes of jurisdiction, punishment and period of limitation from prosecution.

■ We likewise reject the notion that Section 31.09 abrogates a defense already accrued to the defendant. While it is true that the statute of limitation expired as to the misdemeanor offenses, the aggregation of the offense pursuant to Section 31.09 elevated the continuing course of conduct to a felony offense with a five year statute of limitation.

Appellant cites *Archer v. State*, 577 S.W.2d 244 (Tex.Crim.App.1979) for the proposition that where a complete defense has accrued under a statute of limitation it cannot be taken away by a subsequent repeal or amendment thereof. While this proposition is true, this situation is not presented in the case at bar. Section 31.09, effective long before the statute of limitation barred prosecution for the misdemeanor offenses, existed as a separate felony offense consisting of the aggregation of the underlying offenses. The existence of

Section 31.09 is not tantamount to a repeal or amendment of the statute of limitation pertaining to the underlying offenses.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., concurs in the result.