**Victor VITIELLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00496–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1993.

Discretionary Review Refused May 12, 1993.

**886**

John E. Ackerman, Brian W. Wice, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant was charged by indictment with the offense of felony theft. After pleading not guilty, he was tried and convicted by a jury. The trial court assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(b) (Vernon 1974), at fifteen years imprisonment. The appellant raises four points of error.

The indictment alleged seven different incidents of theft. The State based its prosecution on the theory that the appellant engaged in a continuing scheme of manufacturing "accidents," and with the help of a co-conspirator, submitting fraudulent claims to insurance companies. Rather than prosecuting the appellant for each incident separately, the State aggregated the offenses into a single charge of theft. By doing so, the amount stolen exceeded $20,000, which increased the range of punishment. In his defense, the appellant testified that he participated in the scheme for the purpose of investigating, and ultimately stopping, his co-conspirator's fraudulent activities.

In his first point, the appellant argues the trial court erred by refusing to include a requested jury instruction in the charge. The requested instruction would have informed the jury that if it found the appellant had committed the acts complained of, but had done so with the intent of thwarting or preventing the commission of the offense, then it should find the defendant not guilty. It is well settled that a defendant is entitled to a jury instruction on every defensive theory raised by the evidence. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991). However, when the defensive theory merely negates the

existence of an essential element of the State's case, rather than justifying or excusing the culpable conduct, a separate instruction is not required. *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App. 1986); *Barnette v. State*, 709 S.W.2d 650, 652 (Tex.Crim.App.1986). The State had to prove the appellant committed the alleged crime with the intent to deprive the insurance companies of their property. The proposed instruction merely attempted to negate the intent element of the State's case.

■ Contrary to the appellant's argument, the proposed instruction did not constitute a mistake of fact defense. The appellant testified that he participated in the scheme with the intention of ultimately stopping it. Section 8.02(a) provides: "It is a defense to prosecution that the actor through mistake formed a reasonable belief about *a matter of fact* if his mistaken belief negated the kind of culpability required for the commission of the offense." TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974). Assuming the appellant's version of the facts is true, the only "mistake" he made was believing his actions were not unlawful. Such a belief is not a mistake of fact. Accordingly, we overrule the first point of error.

■ The second point of error alleges the trial court erred by admitting a photocopy of a check into evidence. The check showed that Cigna Insurance Company paid $8,113.66 to "Susan Moore" as a property settlement for damages to her car. This check formed one of the incidents of theft alleged in the indictment. The appellant objected to the introduction of the photocopy because the State had not shown why the original could not be produced, and because the authenticating witness had never seen the original check. Rule 1004 provides that an original is not required when "no original is located within Texas." TEX.R.CRIM.EVID. 1004. The evidence at trial showed that the original check was located in Philadelphia, Pennsylvania. Under these facts, the State did not have to produce the original. We overrule the second point of error.

In his third point of error, the appellant argues that one of the incidents alleged in the indictment was barred by the statute of limitations. The indictment included incidents occurring between September of 1985 and November of 1987. The first occurred in September of 1985. The State indicted him in April of 1991. Since the State did not indict him within five years of the first incident, the appellant argues the conviction is invalid.

■ The Penal Code contains a specific section for numerous incidents of theft arising out of continuous course of conduct. Under TEX.PENAL CODE ANN. § 31.09 (Vernon 1989), two or more incidents of theft may be considered as a single offense, and the amounts of each separate incident of theft aggregated in determining the amount of the offense. Section 31.09 creates an offense that is separate from the underlying incidents of theft. *Graves v. State*, 795 S.W.2d 185, 187 (Tex.Crim. App.1990). In *Graves*, the defendant was charged with eighteen different incidents of misdemeanor theft, aggregated into one offense under TEX.PENAL CODE ANN. § 31.-09. Although the two year statute of limitations had run as to each of the individual misdemeanor offenses, the court of criminal appeals held that the five year statute of limitations applied. *Graves* at 187.

The appellant points out a distinction between *Graves* and the present case. In *Graves*, the State aggregated misdemeanor offenses to prosecute the appellant for felony theft. All of the incidents occurred within the five year limitations period for felony theft. In the present case, the State aggregated seven third degree felonies into one second degree felony. One of the incidents of theft occurred outside the five year limitations period. Nonetheless, TEX.PENAL CODE ANN. § 31.09 allows the State to aggregate the separate incidents of theft into a single offense. *Graves* at 187; *Brown v. State*, 640 S.W.2d 275, 278 (Tex.Crim.App.1982). The *Graves* decision held that § 31.09 "creates a separate offense and defines conduct for purposes of jurisdiction, punishment *and period of limitation from prosecution.*" *Graves* at 187

(emphasis added). Since the offense, comprised of the separate incidents of theft, was not completed until November of 1987, the prosecution was not barred by the statute of limitations. We overrule the appellant's third point of error.

In his final point of error, the appellant argues the trial court erred by refusing to grant a mistrial after the prosecutor referred to him as a "fool" during closing argument. We hold the trial court did not err. The proper areas of closing argument include: summation of the evidence; inferences drawn from the evidence; responses to argument by opposing counsel; and pleas for law enforcement. *Hightower v. State*, 629 S.W.2d 920, 926 (Tex.Crim.App. [Panel Op.] 1981).

■ Under these facts, the characterization of the appellant as a fool was a reasonable inference drawn from the evidence. The appellant testified that it would have been "foolish" to use his own name, his own car, and his own insurance policy in committing one of the thefts. The prosecution argued that he did just that. Under the appellant's version of the facts, he participated in the alleged thefts as a self proclaimed investigator. If he truly believed he could conduct his own "investigation" for roughly two years, without reporting these activities to the police, the term "fool" was not inappropriate. *See McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim.App.1985); *Burns v. State*, 556 S.W.2d 270, 285 (Tex.Crim.App.1977), *cert. denied*, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977).

Even if the prosecutor's comment was improper, the trial court cured any harm by instructing the jury to disregard the statement. *Andujo v. State*, 755 S.W.2d 138, 144 (Tex.Crim.App.1988). We overrule the fourth point of error and affirm the conviction.