**The STATE of Texas, Appellant,**

v.

**John P. McFALL, Appellee.**

**Nos. 04–97–00138–CR, 04–97–00139–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 24, 1997.

James Scott Sullivan, Assistant Criminal District Attorney, San Antonio, for Appellant.

Mark Stevens, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZand ANGELINI, JJ.

**OPINION**

LOPEZ, Justice.

These two appeals require this court to determine whether the trial court properly granted motions to quash indictments. Specifically, the court must decide whether section 32.03 of the Texas Penal Code defines an offense for the purposes of indicting an accused for fraudulently receiving workers' compensation benefits.

John P. McFall was charged in three causes for fraudulently receiving workers' compensation benefits under section 32.51 of the Penal Code. In response, McFall's attorney filed motions to quash the indictments in two of those causes. In his motions, McFall argued that the indictments charged him under a statute that had been repealed prior to commission of part of the alleged misconduct. The applicable statute, section 32.51, was re-

pealed effective September 1, 1994; however, each indictment alleged unlawful conduct occurring *before* September 1, 1994, *and after* September 1, 1994. McFall argued that although the State might be permitted to prosecute the conduct occurring after September 1, 1994, under another statute, the State could not prosecute him for that conduct under section 32.51. In response, the State contended that it was permitted to prosecute McFall as alleged because the allegations were part of a continuing course of unlawful conduct which began prior to September 1, 1994. The trial court granted the motions to quash the indictments and the State appealed.

Previously, fraudulently receiving workers' compensation benefits was an offense under the Penal Code; the offense was defined in section 32.51. *See* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 14.01, 1989 Tex. Gen. Laws 1, 97 (formerly section 32.51 of Penal Code), *repealed by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, art. 1, § 1.01, 1993 Tex. Gen. Laws 3586, 3655. This offense was classified based on the dollar amount received.[1] *Id.* Dollar amounts received during a continuing course of conduct could be aggregated under section 32.03 of the Penal Code in classifying an offense. *See* TEX. PEN.CODE ANN. § 32.03 (Vernon 1994) (permitting State to aggregate amounts "obtained in violation of [chapter 32 of Penal Code] pursuant to one scheme or continuing course of conduct").

The State relied on section 32.03, the aggregation provision, to indict McFall. The indictment in Cause No. 96–CR–2659 charged McFall with a second degree felony by aggregating amounts in 23 allegations of criminal conduct.[2] The allegations included conduct that occurred on 15 different days before September 1, 1994, and on 8 days

after September 1, 1994. The indictment in Cause No. 96–CR–2660 charged McFall with a second degree felony by aggregating the amounts in 75 allegations.[3] Those allegations occurred on 67 days before September 1, 1994, and on another 8 days after September 1, 1994. Both indictments, then, alleged unlawful conduct that ostensibly occurred *after* section 32.51 was repealed. The State characterizes the allegations in each indictment as a continuing course of conduct that can be prosecuted under section 32.03. Whether the trial court was correct in granting McFall's motions, then, depends on whether section 32.03 specifies an offense for the purposes of prosecution under a single indictment.

Section 32.51 which proscribed the fraudulent receipt of workers' compensation benefits was previously located in chapter 32 of the Penal Code. Chapter 32 covers the fraud offenses—forgery, hindering creditors, bad checks, etc. Many of the fraud offenses have a similar classification system as the one used in the old section 32.51; offenses are classified by the dollar amount involved in the fraudulent conduct. *See, e.g.,* TEX. PEN. CODE ANN. § 32.23 (Vernon Supp.1998) (classifying offense of trademark counterfeiting according to retail value of item counterfeited); *id.* § 32.33 (Vernon 1994) (classifying offense of hindering secured creditors by value of property "destroyed, removed, concealed, encumbered, or otherwise harmed or reduced in value"); *id.* § 32.35 (Vernon 1994) (classifying offense of credit card transaction record laundering by "amount of the record sale"). Since fraud is often committed in small amounts as part of a continuing course of conduct, section 32.03 permits the State to aggregate amounts involved in classifying the offense. So, rather than charge an accused with misdemeanors for individual

---

**1.** Fraudulently obtaining benefits in amounts less than $750 was a Class A misdemeanor; obtaining benefits in amounts of $750 but less than $10,000 was a third degree felony; and, obtaining benefits in the amount of $10,000 or more was a second degree felony. *See* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 14.01, 1989 Tex. Gen. Laws 1, 97, *repealed by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, art. 1, § 1.01, 1993 Tex. Gen. Laws 3586, 3655. Potentially then, aggregation subjects an accused to a

higher-grade offense and determines the punishment range available to the fact finder.

**2.** These 23 allegations related to claim for a job-related injury that ostensibly occurred on January 5, 1994.

**3.** The 75 allegations related to a claim for a job-related injury that ostensibly occurred on April 7, 1992.

frauds involving small dollar amounts, the State can add up the amounts involved in all the fraudulent transactions and charge the accused with a felony.

McFall was charged with violating section 32.51; however, that section was repealed as part of the rewrite of the Penal Code in 1993. To support its argument that the trial court erred in granting McFall's motions to quash, the State relies on transition language included in the 1993 legislation. The transition provision states that

> [t]he change in law made by this article [for our purposes here, the repealing of section 32.51] applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article *if any element of the offense occurs before the effective date.*

*See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, art. 1, § 1.01, 1993 Tex. Gen. Laws 3586, 3705 (emphasis added). Thus, to prosecute workers' compensation fraud under section 32.51 for conduct occurring after September 1, 1994, an element of the offense must have occurred before September 1, 1994.

The Penal Code defines "element of offense" as:

> (A) the forbidden conduct;
>
> (B) the required culpability;
>
> (C) any required result; and
>
> (D) the negation of any exception to the offense.

TEX. PEN.CODE ANN. § 1.07(a)(22) (Vernon 1994) (defining "element" for purposes of Penal Code). The State characterizes each allegation in the indictment as an element of an offense under section 32.03; that is, each incident of fraudulently receiving a workers' compensation check for a specified job-related injury is an element of a continuing course of conduct. As a continuing course of conduct, the State argues, the allegations can be prosecuted under section 32.03. For this argument to be correct, section 32.03 must proscribe an offense.

To constitute an offense, conduct must be "defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute." TEX. PEN.CODE ANN. § 1.03 (Vernon 1994) (outlining effect of Penal Code). However, prosecution under section 32.03 is inextricably linked to a fraud offense as proscribed in chapter 32. This connection is reflected in the language of section 32.03 which reads as follows:

> When amounts are obtained *in violation of this chapter* pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

TEX. PEN.CODE ANN. § 32.03 (Vernon 1994) (emphasis added). So, to aggregate amounts under section 32.03, an accused must violate chapter 32 by committing one of the offenses listed therein. McFall could not have violated section 32.51 after September 1, 1994, because fraudulently receiving workers' compensation was no longer an offense under the Penal Code.

Note also, that section 32.03 does not actually proscribe forbidden conduct, define criminal culpability, or prohibit a particular result. *See* TEX. PEN.CODE ANN. § 1.07(a)(22) (Vernon 1994) (defining "element of offense"). The only way to determine the applicable criminal conduct is to refer to another section of chapter 32. Rather than an offense, section 32.03 is an aggregation provision that permits the State to punish a continuing course of conduct or conduct pursuant to a common scheme.

The offense itself was proscribed in the old section 32.51. The manner in which McFall was alleged to have committed the offense of workers' compensation fraud is comprised of the following elements:

> (A) a person receives workers' compensation benefits
>
> (B) that the person knows he is not entitled to receive

Accordingly, the individual allegations charged in the indictments reflected these elements. Each incident was alleged in a similar manner:

> that on or about the Xth day of X-month/year, ... *John P. McFall ... did receive workers' compensation benefits,* to wit:

[details of check] for the benefit of said defendant, that the said defendant *knew he was not legally entitled to receive* ....

(italics reflect elements of offense shown above). The individual incidents, then, are not elements of an offense, but are offenses in themselves.

In arguing that each indictment alleged one offense that could be prosecuted under the aggregation provision, the State analogizes to case law interpreting section 31.09 of the Penal Code. *See* TEX. PEN.CODE ANN. § 31.09 (Vernon 1994) (permitting State to aggregate amounts "obtained in violation of [chapter 31 of Penal Code] pursuant to one scheme or continuing course of conduct"). Section 31.09 is the aggregation provision for the theft offenses contained in chapter 31 of the Penal Code. In particular, the State relies on language from *Graves v. State* which states that section 31.09 "creates a separate offense and defines conduct for purposes of jurisdiction, punishment and period of limitation from prosecution." *See Graves v. State,* 795 S.W.2d 185, 187 (Tex.Crim.App.1990). Notably, this language does indicate that section 31.09 creates a separate offense for the purposes of indictment. More importantly, the cogency of the underlying statute was not at issue in *Graves.* Instead, the Court of Criminal Appeals was required to determine the appropriate statute of limitations for prosecuting conduct aggregated under section 31.09. *See Graves,* 795 S.W.2d at 186; *cf. Wages v. State,* 573 S.W.2d 804, 805 (Tex.Crim.App.1978) (determining whether State could rely on enhancement provision in addition to aggregation provision in prosecution of theft). Prosecution under section 31.09, like prosecution under section 32.03, is linked to a violation of another section of the applicable chapter.[4] This interpretation is based on our reading of section 32.03.

We read the language "in determining the grade of the offense" to modify not only the phrase "the amounts aggregated," but to also modify the phrase "may be considered as one offense." Read this way, section 32.03 does not set out a separate offense for the purposes of prosecuting an accused for conduct occurring after an applicable statute is repealed. Therefore, we conclude that section 32.03 cannot be used to prosecute McFall for fraudulently receiving workers' compensation benefits after September 1, 1994. Because section 32.03 does not set out an offense in itself, the trial court was correct in granting McFall's motions to quash the indictments. Accordingly, we overrule the Sate's point of error in both of the State's appeals.

---

4. Section 31.09 reads as follows:
   When amounts are obtained *in violation of this chapter* pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense. TEX. PEN.CODE ANN. § 31.09 (Vernon 1994).