**AFFIRMED as MODIFIED and Opinion Filed August 22, 2024**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00265-CR

**KEANDRE BENARD DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-58258-P**

## MEMORANDUM OPINION

Before Justices Reichek, Miskel, and Breedlove
Opinion by Justice Breedlove

Appellant Keandre Benard Davis was convicted of unlawful possession of a firearm by a felon after a jury trial and sentenced by the jury to 30 years in prison. *See* TEX. PENAL CODE ANN. § 46.04. In eight issues, appellant argues that the trial court erred in admitting certain evidence, including a definition of "firearm" in the abstract portion of the jury charge, and denying several of appellant's requests for additions to the jury charge. We conclude that the trial court did not err in admitting the complained-of evidence or including the definition of "firearm" in the jury

charge, and that appellant was not entitled to the requested jury instructions. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

On September 15, 2020, while Dallas police officers were executing warrants for appellant's arrest in a case unrelated to the one at issue in this appeal, they found a rifle where appellant, a convicted felon, was living. The apartment belonged to Juanita Broadus, appellant's grandmother. Broadus signed a consent to search form. The gun was found inside a drawstring bag in the patio closet, which also contained a security guard uniform with the name "K Davis" on it and other security guard paraphernalia.

Following appellant's arrest, appellant was interviewed at Dallas police headquarters. Appellant first spoke with Detective Nedra Wilson, a detective with the sexual assault unit, who collected identifying information and read appellant his *Miranda* warnings. Detective John Brow interviewed appellant next and spoke with him about the items located during the warrant execution, including the firearm. Appellant admitted to possessing a firearm and admitted to being a felon during the interview; he also said he knew he was not allowed to possess a firearm.

At trial, appellant testified in his own defense. He stated that he was holding the weapon for a friend and that it was inoperable. However, in contradiction to his admission during his interview, appellant testified that he did not know the law prohibited him from possessing a firearm for five years after his release from parole

–2–

and said he believed he could possess a firearm after August 27, 2020. Appellant also stipulated to evidence regarding eight previous convictions.  He was found guilty and sentenced to 30 years in prison. This appeal followed.

**DISCUSSION**

Appellant raises eight issues on appeal. Issues one, seven, and eight relate to the erroneous admission of evidence. Issues two, three, four, five, and six relate to jury charge error.

**Issue 1: Admission of Interrogation Video**

We first address appellant's issue regarding the admission of a video of appellant's interview with Brow. In the video, which was played for the jury, appellant admitted to possessing the firearm recovered during the search of Broadus's apartment and that he intentionally possessed the weapon and put it in the closet where it was found. Appellant argues that the trial court erred in denying appellant's objection to the admission of appellant's custodial interview because he had not been properly *Mirandized*. *See Miranda v. Arizona*, 384 U.S. 436 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22. The State responds that appellant received proper *Miranda* warnings and that the trial court acted within its discretion in overruling appellant's objection.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Gonzalez v. State,* 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court abuses

–3–

its discretion when its decision lies outside the zone of reasonable disagreement. *Beham*, 559 S.W.3d at 478; *Gonzalez*, 544 S.W.3d at 370.

The United States Constitution's Fifth Amendment provides suspects in custody a privilege against self-incrimination and a right to interrogation counsel. *Pecina v. State*, 361 S.W.3d 68, 74–75 (Tex. Crim. App. 2012). *Miranda* and article 38.22 require that a defendant be given specific warnings in order for statements resulting from custodial interrogation to be admissible. *See Miranda*, 384 U.S. at 458; Tex. Code Crim. Proc. Ann. art. 38.22. The purpose of *Miranda* warnings is to "guard against abridgement of the suspect's Fifth Amendment rights." *McCambridge v. State*, 712 S.W.2d 499, 506 (Tex. Crim. App. 1986). Article 38.22, Section 3 provides that an oral statement is admissible against a defendant in a criminal proceeding if, among other things, (1) the statement was electronically recorded; (2) the defendant was given the warnings set out in article 38.22, Section 2(a) prior to the statement but during the recording; and (3) the defendant "knowingly, intelligently, and voluntarily" waived the rights set out in the warnings. Tex. Code Crim. Proc. Ann. art. 38.22 § 3(a). "The warnings provided in Section 2(a) are virtually identical to the *Miranda* warnings, with one exception—the warning that an accused 'has the right to terminate the interview at any time' as set out in Section 2(a)(5) is not required by *Miranda*." *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) (citations omitted); *see also Wilkerson v. State*, 173 S.W.3d 521, 527 n.14 (Tex. Crim. App. 2005) (observing that article 38.22

"requires a slightly more elaborate set of warnings than *Miranda* and adds the requirements of either a written, signed statement or an audio or video recording of custodial interrogations by law enforcement").

Here, there is no dispute in the record that appellant was read his *Miranda* rights at the beginning of his interview with Wilson; however, appellant argues that he was entitled to be re-*Mirandized* at the beginning of his interview with Brow. Prior cases have addressed similar situations in which a suspect is warned about his or her *Miranda* rights, some break in the questioning occurs, and the questioning resumes without renewed administration of *Miranda* warnings. *See, e.g., Poynter v. State*, No. 05-19-00882-CR, 2021 WL 2070332, at \*2 (Tex. App.—Dallas, May 24, 2021, no pet.) (mem. op., not designated for publication); *Bible v. State*, 162 S.W.3d 234, 241–42 (Tex. Crim. App. 2005) (concluding two sessions were part of a single interview after a review of the totality of the circumstances); *see also Satchell v. State*, No. 05-14-01197-CR, 2015 WL 9486107, at \*5 (Tex. App.—Dallas Dec. 29, 2015, pet. ref'd) (mem. op., not designated for publication) (concluding two sessions were part of a single interview when the two sessions took place less than an hour apart); *Spears v. State*, No. 05–06–00691–CR, 2007 WL 2447233, at \*3–4 (Tex. App.—Dallas Aug. 30, 2007, no pet.) (not designated for publication) (concluding two sessions were part of a single interview when the sessions discussed two different crimes). If the totality of the circumstances indicate the second interview is essentially a continuation of the first, the *Miranda* warnings remain effective as to

statements made during the second interview. *See Dunn v. State*, 721 S.W.2d 325, 328 (Tex. Crim. App. 1986) (noting that "rewarning is not required where the interrogation is only a continuation about the same offense"), *abrogated on other grounds by Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).

In *Bible*, the court of criminal appeals concluded that two interview sessions were part of a single interview for purposes of both *Miranda* and article 38.22 of the code of criminal procedure. *Bible*, 162 S.W.3d at 242. In making this determination, the court considered the (1) the passage of time; (2) whether the second interrogation was conducted by a different person; (3) whether the interrogation related to a different offense; and (4) whether the officer reminded the defendant of his earlier warnings. *See id.* The court of criminal appeals derived these factors from a series of cases cited in the footnote of its earlier opinion in *Jones v. State*, 119 S.W.3d 766, 773 n.13 (Tex. Crim. App. 2003).

In this case, Wilson read appellant the *Miranda* warnings on September 15, 2020, the day of the arrest, after police had taken appellant to the Dallas Police Department. Appellant indicated he understood his rights and answered Wilson's questions. After an hour, Wilson left the interrogation room for ten minutes before returning with a male detective and a warrant to collect a DNA sample from appellant. The new detective asked appellant questions and talked to him about both the aggravated assault charge for which the warrant was executed and the items, including the firearm, found during the search. Approximately four and a half

–6–

minutes after Wilson and the male detective left the room, Brow entered and began questioning appellant about the items found during the warrant execution. During the interview with Brow, Wilson briefly returned to photograph appellant's hands. Brow explained that he understood Wilson had previously read appellant his rights and that appellant was willing to speak to the detectives. Brow testified that appellant did not give any indication that he did not want to speak with him and that appellant was very cooperative.

We conclude that *Bible* is controlling here and is instructive as to the weight we give the relevant factors with respect to the facts presented. *Bible*, 162 S.W.3d at 242. In this case, the passage of time is even more persuasive than in *Bible*; only four and a half minutes passed between when Wilson and her male colleague left the interrogation room and when Brow began questioning appellant. *See id.* Thus, the first *Bible* factor, passage of time, weighs in favor of the trial court's ruling. *See id.*

Although different officers conducted questioning during the two-hour interview, the recording shows a continuity of the discussion among the three officers, with Wilson primarily questioning appellant regarding the sexual assault that formed the basis for the search warrant, the unnamed male detective questioning appellant on both the sexual assault and the items discovered during the search warrant, and Brow concluding by focusing on the firearm discovered during the search warrant. On balance, the second and third factors weigh in favor of the trial

court's ruling. *See Spears*, 2007 WL 2447233, at *3–4 (concluding two sessions were a single interview even though the sessions covered two different crimes).

Brow confirmed that Wilson had previously read appellant the *Miranda* warnings although he did not remind him of his right to silence, to terminate the interview, and to counsel, and did not expressly secure his consent to continue the interview, as the officer did in *Bible*. *See Poynter*, 2021 WL 2070332, at *2 (concluding re-warning was unnecessary when confirmation was obtained that defendant had been read *Miranda* rights without reminding or restating those rights).

Under the totality of the circumstances, we conclude that the initial questioning of appellant by Wilson, during which he was read the *Miranda* warnings, and the subsequent questioning of appellant by Brow were essentially a single interview for *Miranda* and article 38.22 purposes, and that Wilson's *Miranda* warnings to appellant were still effective when Brow took over the interrogation, after confirming the prior warnings, approximately four and a half minutes later. *See Bible*, 162 S.W.3d at 242. We conclude the trial court did not err in overruling appellant's objection. *See id.* We overrule appellant's first issue.

**Issue 2: Jury Charge Definition of "Firearm"**

We next turn to appellant's second issue. In this issue, appellant argues that the trial court erred in failing to grant appellant's objection to the definition of "firearm" contained in the abstract portion of the jury charge. Specifically, appellant objected to the portion of the jury charge stating that "[u]nlawful possession of a

–8–

firearm by a felon does not require a firearm to be presently capable of firing," arguing that it constituted an improper comment on the weight of the evidence. The State responds that the trial court properly included the instruction due to the technical nature of the statutorily defined term "firearm," especially given the defense's theory that appellant did not believe the rifle was a firearm because he knew it did not work.

In reviewing jury-charge error, we first determine whether error exists. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (internal citations omitted). If we find error, we must then determine whether the error caused sufficient harm to require reversal. *Ngo*, 175 S.W.3d at 743. The standard of review differs depending on whether the defendant made a timely objection at trial. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza*, 686 S.W.2d at 171). If the error was the subject of a timely objection, reversal is required if there is some harm to the defendant as a result of the error. *Id.* (citing *Almanza*, 686 S.W.2d at 171); Tex. Code Crim. Proc. Ann. art. 36.19. If no proper objection was made at trial, reversal is required only if the error is so egregious that the defendant was denied a fair and impartial trial. *Id.*

"[T]he jury is the exclusive judge of the facts," but the trial court has a duty to submit a written charge to the jury "distinctly setting forth the law applicable to

the case." TEX. CODE CRIM. PROC. ANN. arts. 36.13, 36.14. The charge is meant to inform the jury of the applicable law and how to apply it to the facts of the case. *Alcoser v. State*, 663 S.W.3d 160, 164–65 (Tex. Crim. App. 2022); *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). "Reversible error in the giving of an abstract instruction generally occurs only when the instruction is an incorrect or misleading statement of a law that 'the jury must understand in order to implement the commands of the application paragraph,' and the 'failure to give an abstract instruction is reversible only when such an instruction is necessary to a correct or complete understanding of concepts or terms in the application part of the charge.'" *Alcoser*, 663 S.W.3d at 165 (quoting *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)).

Abstract paragraphs "serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge," and application paragraphs apply the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Alcoser*, 663 S.W.3d at 166 (internal quotations omitted). It is the application paragraph of the charge, not the abstract portion, that authorizes a conviction. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012)).

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo*, 175 S.W.3d at 743. Appellant asserts that the trial court should have excluded

–10–

the definition of firearm included in the abstract portion of the charge. However, a trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. *Bargas v. State*, 252 S.W.3d 876, 901 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). In this case, appellant's own defense theory raised the issue of whether the rifle was a "firearm" for purposes of prosecution under Section 46.04 because the rifle was not capable of firing without modifications. *See* TEX. PENAL CODE ANN. § 46.04. The language in the charge is a correct statement of the law, both in terms of the plain language of the statute and the relevant case law. *See, e.g., Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976) (holding that a gun, even though missing a firing pin was "[m]anifestly designed and [m]ade for the [p]urpose of inflicting death or [s]erious bodily injury" in accordance with the statutory definition of "firearm"); *see also Lewis v. State*, 852 S.W.2d 667, 669 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding that "[t]he plain language of the state and federal statutes does not require the weapon to be capable of firing"); *Aikens v. State*, 790 S.W.2d 66, 67–68 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (holding that a handgun was still a "firearm" even though it was not capable of firing). Therefore, it was not error for the court to instruct the jury on what constitutes a firearm, using legally correct language, when the evidence raised the question. *See Alcoser*, 663 S.W.3d at 165–66. Having concluded that the trial court did not err, we do not perform a harm analysis. *Ngo*, 175 S.W.3d at 743. We overrule appellant's second issue.

**Issues 3–5: Mistake-of-Fact Jury Instructions**

Having concluded that the trial court did not err in defining "firearm" in the abstract section of the jury charge, we turn to appellant's third, fourth, and fifth issues. In these issues, appellant argues that the trial court erred in failing to give a mistake-of-fact charge regarding several fact issues, including whether the rifle was a "firearm" for purposes of the statute (issue three), whether appellant was in the possession of a prohibited firearm (issue four), and whether appellant was a person prohibited from possessing a firearm (issue five). The State responds that appellant was not entitled to a mistake-of-fact instruction because appellant did not raise evidence of a mistaken belief as to those issues.

During the charge conference, appellant requested a mistake-of-fact instruction in the following exchange:

> DEFENSE: The other issue is we would request an instruction on mistake of fact. Since Mr. Davis testified that he was mistaken of the facts, you know, did he have a reason to believe that, because the gun was not operable, that it was a firearm.
>
> Two, that he was not a prohibited person because he had been released from prison in August, which he admitted that he was prohibited later because he learned that he was released from parole in 2016.
> . . . .
> Whether he was in possession because his testimony is Christopher Johnson is the one that put the gun in the closet. He didn't think he was in possession of it and he later learned he was in possession as the law stands.

The State responded that what appellant called a mistake of fact was really a mistake of law. The trial court questioned whether appellant really wanted to argue mistake

–12–

of law, to which appellant's counsel responded "I'm saying mistake of fact, your Honor." The trial court overruled appellant's requested instruction.

A trial court is obligated to prepare a jury charge that accurately states the law applicable to the case. *Delgado*, 235 S.W.3d at 249. It is a defense that the defendant "through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a). "Kind of culpability" refers to the mental state required for criminal responsibility. *Celis v. State*, 416 S.W.3d 419, 430–31 (Tex. Crim. App. 2013).

An instruction on mistake of fact is limited to the culpable mental state required for the offense, and therefore, can be difficult to obtain. *See id.* at 430. Because the statute establishing the offense of unlawful possession of a firearm by a felon does not contain a culpable mental state, a knowing, intentional, or reckless mental state is statutorily implied. *See* TEX. PENAL CODE ANN. §§ 6.02 (Requirement of Culpability), 46.04 (Unlawful Possession of Firearm). The culpable mental state applies to the element of possession. *See, e.g., Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet ref'd) (listing elements of unlawful possession of a firearm by a felon to include that the defendant "possessed the firearm knowingly or intentionally.").

During appellant's interview with Detective Brow, appellant admitted that he was in possession of the rifle, that he was a felon, and that he knew he was not

supposed to possess a firearm. At trial, appellant testified that he believed the rifle to be inoperable, but appellant did not testify that he had been under the impression that the rifle was not a firearm due to its inoperability. Therefore, the evidence introduced at trial, when viewed in the light most favorable to the defendant, did not establish appellant's entitlement to the mistake-of-fact defense instruction regarding whether appellant was mistaken about whether the rifle was a firearm and appellant was not entitled to a jury instruction on the mistake of fact defense. *See* TEX. PENAL CODE ANN. § 2.03(c) ("The issue of the existence of a defense is not submitted to the jury unless evidence is submitted supporting the defense.").

Further, even if the evidence had shown that appellant reasonably believed the rifle was not a firearm because of its inoperability, appellant still would not have been entitled to a mistake of fact instruction because the question of whether operability is a requirement for conviction under the penal code is a question of law. *See Plummer v. State*, 426 S.W.3d 122, 127–28 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 410 S.W.3d 855 (Tex. Crim. App. 2013) (holding that the defendant was not entitled to a mistake-of-fact instruction because his defensive theory involved a mistake of law, not a mistake of fact); *Vitiello v. State*, 848 S.W.2d 885, 887 (Tex. App.—Houston [14th Dist.] 1993, pet ref'd) (holding the defendant was not entitled to a mistake-of-fact instruction because, assuming the defendant's version of the facts were true, his only mistake was believing his actions were not unlawful). Appellant's mistaken understanding of what constitutes a firearm for

purposes of penal code Section 46.04 does not entitle him to a mistake of fact instruction. *See Plummer*, 426 S.W.3d at 127–28; *Vitiello*, 848 S.W.2d at 887.

Appellant likewise admitted to Brow that he was in possession of the firearm. Although appellant testified at trial that he was holding the firearm for his friend at the time of the search, he did not contest that it was in his possession at that time. Counsel's objection in the trial court was that appellant "later learned he was in possession as the law stands." Even if the evidence supported this contention, appellant's mistake was one of law that did not entitle him to a mistake-of-fact instruction. *See Plummer*, 426 S.W.3d at 127–28; *Vitiello*, 848 S.W.2d at 887.

Finally, appellant admitted to Brow that he knew he was not allowed to possess a firearm. He later contradicted this admission on the stand, testifying that he believed that the law prohibited him from possessing a firearm from five years after his release from prison, not five years after his release from prison *or parole*, as the statute actually says. But again, this mistaken belief is a mistake of law, not a mistake of fact. *See Plummer*, 426 S.W.3d at 127–28; *Vitiello*, 848 S.W.2d at 887.

The evidence, when viewed in the light most favorable to appellant, does not establish a mistake of fact in the three areas asserted by appellant; therefore, the trial court properly denied a mistake-of-fact instruction. *See* TEX. PENAL CODE ANN. § 2.03(c). Having concluded that the trial court did not err, we do not perform a harm analysis. *Ngo*, 175 S.W.3d at 743. Appellant's third, fourth, and fifth issues are overruled.

**Issue 6: Article 38.23 Jury Instruction on Consent to Search**

Having concluded that appellant was not entitled to his requested mistake-of-fact jury instructions, we turn to appellant's sixth issue. In this issue, appellant argues that the trial court erred in failing to include an Article 38.23 jury instruction concerning the law of consent to search because appellant raised the issue at trial of whether Broadus voluntarily consented to the search of her apartment. The State responds that the evidence in the case did not give rise to facts that would warrant the inclusion of such an instruction, and that defense counsel's questions, without more, do not constitute such evidence.

Texas Code of Criminal Procedure article 38.23 provides, in pertinent part:

(a)     No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. art. 38.23(a).

A trial court must give an article 38.23(a) instruction to the jury when the evidence raises an issue of disputed fact that is material to the appellant's claim of a constitutional or statutory violation that would render the evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). But when the

evidence does not raise a disputed fact issue, the trial court does not err by refusing to give the instruction to the jury. *Id.* at 510. The disputed fact issue must be created by "affirmative evidence." *Id.* at 513. When "the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court." *Robinson v. State*, 377 S.W.3d 712, 719–20 (Tex. Crim. App. 2012) (dispute about whether "a driver is legally required to signal at [a particular] confluence of the roadways" is not a fact issue, but "conflicting testimony before the jury with regard to the physical character of the roadway" would be); *see also Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002) ("A trial court is required to include an Article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.").

Here, Sergeant Matthew Terry and Officer Daisy Mendoza both testified that Broadus voluntarily gave her consent to the search of her apartment both in writing and verbally after having read the consent to search form and asking pertinent questions regarding its contents. Further, the signed consent form itself was admitted into evidence before the jury. The jury heard no testimony to dispute Terry's or Mendoza's testimony that Broadus voluntarily consented to the search of her apartment, making the question regarding whether the search was constitutional a legal question, not a fact question. As a result, we conclude the trial court did not err in denying appellant's request for an article 38.23 jury instruction. *See Madden*, 242

S.W.3d at 510 (trial court properly refuses request when no issue raised by evidence requires article 38.23 jury instruction); *Garza v. State*, 126 S.W.3d 79, 86 (Tex. Crim. App. 2004) (legality of search or arrest is question of law, not fact, when essential facts concerning search or arrest not in dispute); *Rubens v. State*, No. 05-05-01067-CR, 2008 WL 2469271, at *4 (Tex. App.—Dallas June 20, 2008, pet. ref'd) (not designated for publication) (stating "the evidence heard by the jury must raise an issue of fact" when describing the first of three requirements a defendant must meet before he is entitled to an article 38.23(a) instruction). Having concluded that the trial court did not err, we do not perform a harm analysis. *Ngo*, 175 S.W.3d at 743. We overrule appellant's sixth issue.

**Issue 7: Admission of Evidence Concerning the Nature of the Arrest Warrants**

In his seventh issue, appellant argues that the trial court erred in permitting the nature of the underlying aggravated assault and aggravated sexual assault arrest warrants that led to the discovery of the rifle to be discussed before the jury because such evidence violated Texas Rule of Evidence 403 and appellant's right to be tried on the unlawful possession of a firearm charge rather than on a collateral crime. The State responds that appellant waived this issue because he failed to object every time the nature of the arrest warrants was introduced into evidence. Alternatively, the State argues that the trial court acted within its discretion in allowing the nature of the underlying arrest warrants to be admitted before the jury.

Because a reviewing court should not address the merits of an issue that has not been preserved for appeal, *see Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017); *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g), before addressing the merits, we consider whether appellant preserved his seventh issue for appellate review. To preserve a complaint for our review, the record must show that the party presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The record must also show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). In *Clark*, the court stated:

> To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The point of error on appeal must comport with the objection made at trial. . . . Therefore, if a party fails to properly object to constitutional errors at trial, these errors can be forfeited. . . .
>
> . . . [W]here the correct ground for an objection is obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. . . .

While no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." . . . . In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time. . . .

The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error. . . . Usually, for a complaint to be obvious without having been explicitly stated and still satisfy the purposes above, there have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be.

*Clark*, 365 S.W.3d at 339 (citations and footnotes omitted).

Further, "'to preserve error in admitting evidence, a party must . . . object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)).

First, we note that appellant's issue on appeal with regard to State's Exhibit 2, Broadus's signed consent to search form, does not comport with his objection at trial. At trial, appellant objected to State's Exhibit 2 on the basis that consent was illegally obtained. However, on appeal, appellant argues that the trial court erred in failing to exclude State's Exhibit 2 because it violates Texas Rule of Evidence 404(b)'s prohibition on improper character evidence. Because appellant failed to

–20–

object to State's Exhibit 2 at trial on the basis of 404(b), he has waived any such objection. *See Clark*, 365 S.W.3d at 339.

While appellant did raise before the trial court the issue of improper character evidence as to State's Exhibit 3, the video of appellant's interview with Brow, appellant failed to object each time the State introduced evidence regarding the subject of the underlying arrest warrants for aggravated assault and aggravated sexual assault. Indeed, appellant himself testified to the details of the underlying warrants in response to questions from both the State and his own attorney during his testimony, all without objection. Accordingly, appellant failed to preserve this issue for appeal. *See Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509. We overrule appellant's seventh issue.

**Issue 8: Admission of Evidence of the Weapon's Seizure**

We now turn to appellant's eighth and final issue. In this issue, appellant argues that the trial court erred in denying his motion to suppress the seizure of the firearm and other evidence because the evidence was obtained from an illegal search conducted without appellant's consent. The State responds that appellant failed to preserve his complaint because this issue does not comport with any objection he made at trial. Alternatively, the State argues that the trial court acted within its discretion in denying appellant's motion to suppress the firearm and other evidence.

Here, appellant argued at trial that the search of Broadus's apartment and subsequent recovery of the rifle were unconstitutional because *Broadus* did not

consent to the search. However, on appeal, appellant also argues, for the first time, that the search was unconstitutional because *appellant* did not consent to the search. This issue does not comport with appellant's objection at trial. Accordingly, appellant failed to preserve this issue for appeal. *See Clark*, 365 S.W.3d at 339 (concluding that even constitutional errors can be waived if not properly objected to at trial). We overrule appellant's eighth issue.

**State's Cross-Point: Modification of Judgment**

Having overruled appellant's eight issues, we turn to the State's cross-point. In this issue, the State requests that the judgment be modified to accurately reflect appellant's pleas to and the jury's findings on the enhancement paragraphs alleged in the state's indictment.

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* Here, the record contains all the necessary information required to modify the judgment.

Therefore, we modify the judgment to reflect that appellant pled true to both enhancement allegations and that the jury found both enhancement paragraphs to be

true. We remove "N/A" in the sections of the trial court's judgment for appellant's pleas to the first and second enhancement paragraphs as well as the sections for the jury's findings on both enhancement paragraphs and replace each instance with "true." *See id.*

## CONCLUSION

We modify the trial court's judgment and affirm as modified.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

230265F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

KEANDRE BENARD DAVIS,
Appellant

No. 05-23-00265-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-58258-P.
Opinion delivered by Justice
Breedlove. Justices Reichek and
Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

Remove "N/A" in the sections of the trial court's judgment for
appellant's pleas to the first and second enhancement paragraphs as
well as the sections for the jury's findings on both enhancement
paragraphs and replace each instance with "true."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered August 22, 2024